CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

AUG 1 8 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 7:04-cr-00078 |
| | ) | |
| | ) | <u>2255 MEMORANDUM OPINION</u> |
| v. | ) | |
| | ) | |
| | ) | By: Hon. James C. Turk |
| PHILLIP AUBREY IRVING. | ) | Senior United States District Judge |

Petitioner Phillip Aubrey Irving, a federal inmate proceeding <u>pro se</u>, filed a petition styled as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner challenges the validity of his confinement pursuant to the 2005 judgment of this court sentencing him to 180 months imprisonment following a guilty plea. Respondent filed a motion to dismiss and Petitioner has responded, thereby making the matter ripe for the court's consideration. Upon review of the record, the court concludes that Respondent's motion to dismiss must be granted and Petitioner's motion to vacate, set aside or correct sentence must be denied.

I.

On June 24, 2004, a grand jury in the Western District of Virginia returned an eleven count indictment against the Petitioner. Count One of the Indictment charged that Petitioner, at a time before April 16, 2004 and continuing through July 1, 2004, conspired to distribute and possess with intent to distribute a mixture or substance containing fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846. Counts Two through Seven charged Petitioner with six counts of possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2. Count Eight charged Petitioner with possession of a firearm which had been shipped in interstate commerce while being a person previously convicted

of a crime in violation of 18 U.S.C. § 922(g). Count Nine charged that Petitioner used or carried a firearm during and in relation to, or possessed a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c). Count Ten charged Petitioner with possession of marijuana with intent to distribute in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Finally, Count Eleven charged that, as a result of committing one or more of the offenses enumerated in Counts One through Ten, property belonging to Petitioner was subject to forfeiture pursuant to 18 U.S.C. §§ 924(c) and 2461, specifically a firearm seized in connection with the charged offenses and jewelry representing the proceeds of the charged offenses.

On December 28, 2005, Petitioner appeared before the court and, pursuant to a written agreement, entered a plea of guilty to nine of the indicted charges: Counts One, Two through Seven, Nine, and Ten. The terms of the plea agreement also called for Petitioner to waive contest of the forfeiture allegations contained in Count Eleven and to waive his right to collaterally attack the judgment by filing a motion pursuant 28 U.S.C. § 2255. In return, the United States agreed to dismiss Count Eight of the Indictment. The court accepted the plea agreement and sentenced Petitioner to 180 months incarceration; judgment was entered on March 23, 2005. On December 26, 2007, Petitioner filed this motion to vacate, set aside or correct that sentence.[1]

---

[1] Preceding and unrelated to the motion in question, on November 1, 2005, Petitioner filed a motion to compel the government for specific performance, claiming that his plea agreement included a proviso whereby the government promised to make a motion for downward departure or reduction of sentence if Petitioner offered substantial assistance. The court denied this motion on December 16, 2005, finding that the plea provision required Petitioner to provide information that resulted in the prosecution of another person or persons and that Petitioner did not demonstrate by a preponderance of the evidence that the information he provided to the government enabled authorities to prosecute any other individual. Petitioner appealed this decision to the United States Court of Appeals for the Forth Circuit on February 9, 2006, and on December 20, 2006, the Fourth Circuit dismissed the appeal because Petitioner had failed to file a timely notice of appeal or obtain an extension of the appeal period.

## II.

A federal inmate who wishes to file a 28 U.S.C. § 2255 motion must normally do so within one year of the date on which his conviction becomes final upon completion of direct appeal proceedings. See 28 U.S.C. § 2255(f).[2] If the defendant appeals the trial court's judgment, the conviction becomes final ninety (90) days from the date of the United States Court of Appeals for the Fourth Circuit's judgment affirming the conviction or on the date when the United States Supreme Court makes its final decision in any certiorari proceedings the defendant may bring. See Clay v. United States, 537 U.S. 522, 524-25 (2003). Petitioner filed no such appeal, and thus the judgement became final on April 6, 2005, ten business days after its issuance, when Petitioner's opportunity to pursue an appeal expired. Fed. R. App. P. 4(1)(A)(I). Petitioner's one-year period to file a § 2255 motion began to run on that date and ended April 6, 2006. Because Petitioner did not file his § 2255 motion until December 26, 2007, well past the expiration of the one-year limitation period, and has not demonstrated any grounds for equitable tolling,[3] the motion is untimely

---

[2] Paragraph (f) of § 2255 reads as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, Petitioner has not alleged anything to support the court's reliance on subsections (2), (3), or (4). Therefore, the one-year period of limitation began to run on the date Petitioner's conviction became final.

[3] The United States Court of Appeals for the Fourth Circuit has explained that equitable tolling is available only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003).

3

and must be dismissed. 28 U.S.C. § 2255(f).[4]

## III.

In any event, Petitioner's claims in the § 2255 motion are without merit. Petitioner first complains that his counsel was constitutionally ineffective because he erroneously advised him to plead guilty to Count One (conspiracy to possess and distribute fifty grams or more of cocaine base) and Count Nine (possession of a firearm during a drug trafficking crime) despite the fact that Petitioner was innocent of those charges. But for his attorney's advice, Petitioner argues that he would not have plead guilty on those counts.

To prove a constitutional claim of ineffective assistance related to a guilty plea, a convicted defendant must meet a two prong standard, showing both counsel's deficient performance and resulting prejudice. Strickland v. Washington, 466 U.S. 668, 685 (1984). First, he must show that "counsel's representation fell below an objective standard of reasonableness" considering circumstances as they existed at the time of the representation. Id. at 687-88. In evaluating counsel's performance, the court must be highly deferential to counsel's reasonable strategic decisions, avoiding the distorted effect of hindsight. Id. at 688-89. Second, petitioner must show prejudice stemming from counsel's deficiency. When counsel's error had some bearing on the validity of petitioner's guilty plea, a showing of prejudice will require petitioner to demonstrate "a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). For counsel's alleged errors at sentencing or in appeal proceedings, petitioner must demonstrate "a reasonable probability" that

---

[4] The terms of Petitioner's plea agreement, wherein Petitioner waived his right to "collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [Petitioner] by the Court," provide an alternative and additional ground for dismissal. Plea Agreement at 5.

4

but for the error, the result reached by a reasonable and impartial fact finder would have been different. Strickland, 466 U.S. at 694-95.

With respect to Count One, Petitioner claims ineffective assistance of counsel because his attorney advised him to plead guilty despite the fact that the government was without evidence to support the charge.[5] As demonstrated by the government's statements to the court on December 28, 2004, however, this claim is without merit. During Petitioner's Rule 11 colloquy, the government proffered that its confidential informant was prepared to testify that he bought powder cocaine from the Petitioner for nearly a year before he began cooperating and that Petitioner was aware that the informant cooked the powder cocaine into crack. Tr. Dec. 28, 2004, at 25-56. Petitioner also admitted during his plea colloquy that he knew that the cocaine would be converted into crack. Tr. Dec. 28, 2004, at 19. Petitioner fails to offer any evidence of "extraordinary circumstances" demonstrating why his current assertions of innocence are more credible than his statements under oath to the contrary. On this basis, the court has reason to dismiss Petitioner's claims to the extent that they allege ineffective assistance of counsel with respect to Count One. See United States v. LeMaster, 403 F.3d 216, 221-22 (4th Cir. 2005), aff'g LeMaster v. United States, Case No. 7:02-cv-00794 (W.D. Va. 2003) ("In the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

---

[5]Petitioner wrongly asserts that during the time of the alleged conspiracy, the other participant was a government agent. Count One of the Indictment clearly states that the conspiracy charged existed "[a]t a time unknown to the Grand Jury, but before April 16, 2004, and continuing through June 1. 2004." Furthermore, the government's confidential informant was prepared to testify about past drug transactions with the Petitioner nearly a year before the informant began cooperating with authorities. Tr. Dec. 28, 2004, at 25-26.

5

Case 7:04-cr-00078-JCT-mfu   Document 103   Filed 08/18/08   Page 5 of 10   Pageid#: 436

Petitioner advances a similar argument with regard to Count Nine, claiming his attorney induced him to plead guilty to the charge despite the fact that the government lacked evidence to support it.[6] This claim also fails. After reviewing discovery, Petitioner's attorney concluded that there was a significant likelihood that the government's confidential informant would testify at trial that the firearm found at Petitioner's home was used, carried, or kept by Petitioner in furtherance of his drug trafficking activities. Horn Aff. at 1. Furthermore, Petitioner's own sworn statements to the court corroborate Charge Nine of the Indictment. During his plea colloquy, Petitioner admitted that he had possessed the firearm in question in his home and that the firearm was used in connection with and in furtherance of his drug trafficking activities by providing him protection. Tr. Dec. 28, 2004, at 20.[7] Petitioner again fails to offer any evidence of "extraordinary circumstances" demonstrating reason why his current assertions of innocence are more credible than his statements under oath indicating that his conduct meets the elements for possession of a firearm in furtherance of a drug trafficking offence in violation of § 924(c) as charged in Count 9. On this basis, the court has reason to dismiss Petitioner's claims to the extent that they allege ineffective assistance of

---

[6] In particular, Petitioner argues that the government lacked sufficient evidence to show an "active employment" of the firearm in question in connection with or in furtherance of Petitioner's drug trafficking activities. Pet'r Mem. in Supp. at 12.

[7] Before accepting Petitioner's guilty plea, the court conducted the following exchange with Petitioner relating to Count Nine:

| | |
|---|---|
| THE COURT: | Did you have a firm arm in your home? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Did you have it in any way connected with your drug business, for protection for something? |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | You did? |
| THE DEFENDANT: | Yes sir. |

Tr. Dec. 28, 2004, at 20.

6

counsel with respect to Count One. LeMaster, 403 F.3d at 221-22.

Petitioner also complains that his attorney erroneously induced him to plead guilty to Count Nine in return for the government's dismissal of Count Eight. In so pleading, Petitioner claims that he was unknowingly subjected to a mandatory minimum five year sentence pursuant to § 924(c) to be served consecutively to any other sentence imposed.[8] Petitioner claims that had he known about this mandatory five year consecutive sentence, he would have insisted on going to trial and thus his attorney was constitutionally deficient for advising otherwise. These claims fail. The court made Petitioner aware of the mandatory minimum sentences applicable to each count of the indictment, including Count Nine, before accepting the guilty plea. Tr. Dec. 28, 2004, at 15-16.[9] When

---

[8] Paragraph (c)(1)(A) of 18 U.S.C. § 924 reads as follows:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(I) be sentenced to a term of imprisonment of not less than 5 years . . . ."

Paragraph (c)(1)(D) of 18 U.S.C. § 924 reads as follows:

> Notwithstanding any other provision of law--(I) a court shall not place on probation any person convicted of a violation of this subsection; and (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

[9] With respect to the count of the indictment in question, the court had the following exchange with Petitioner before accepting the plea as knowing and voluntary:

| THE COURT: | As to Count Nine, there is a minimum mandatory period of incarceration of five years, up to life, but <u>the sentence imposed for Count Nine has to run consecutive to the sentence imposed as to the other counts</u>, plus a period of supervised release, plus a special mandatory assessment of $100 . . . Do you understand the minimum mandatory sentence and the maximum sentence for these offenses? |
|---|---|
| THE DEFENDANT: | Yes, sir. |

7

specifically asked by the court if he understood those mandatory minimum sentences, Petitioner responded "Yes, sir." Tr. Dec. 28, 2004, at 16. There are no "extraordinary circumstances" demonstrating why Petitioner's current claims are more credible that the statements he made under oath. LeMaster, 403 F.3d at 221-22. Furthermore, Petitioner has not offered any evidence that his attorney's actions fell below an objective standard of reasonableness. On the contrary, the record demonstrates that Petitioner's attorney made informed decisions in representing the best interests of his client, and the Petitioner gained substantial benefit by accepting the plea deal brokered by his attorney. Petitioner's attorney negotiated for the government to dismiss Count Eight as part of the plea agreement after he completed discovery and raised potential weaknesses in the government's case to the prosecutor. Horn Aff. at 1. The plea agreement also recommended that Petitioner was eligible for a three-level reduction for his acceptance of responsibility.[10] Taking into account the government's evidence in support of Counts Eight and Nine of the Indictment, there is no reasonable

---

Tr. Dec. 28, 2004, at 15-16 (emphasis added).

[10] The final, signed plea agreement memorialized the reduction as follows:

> If, in fact, I accept responsibility for my actions, testify truthfully if called upon to do so, acknowledge factual guilt before the court at the time of my guilty plea and sentencing, and fulfill the conditions of this plea agreement, I understand that the United States, through its attorney, will recommend that the court will grant me a two (2) level reduction in my offense level for acceptance of responsibility under Guidelines Section 3E1.1(a). I must clearly demonstrate acceptance of responsibility for my criminal offenses. Because I meet the listed criteria, the United States agrees that I should be granted an additional one (1) level reduction pursuant to Guidelines Section 3E1.1(b).

Plea Agreement at 3-4. Petitioner's presentence report then explained the impact of the plea agreement:

> The plea agreement did not impact the statutory maximum penalty but did impact the sentencing guideline computations. Without the plea agreement, the defendant could have been held accountable for more than the stated 150 grams of cocaine base, and had he gone to trial he may not have received credit for acceptance of responsibility. This could have increased his total offense level to 37, resulting in a sentencing guideline custody range of 262 to 327 months.

Presentencing Report, Para 57.

8

likelihood that the Petitioner would have rejected the sentencing benefits of the plea deal and insisted on going to trial with the risk of a higher sentence on Counts Two through Seven and a five-year consecutive sentence on Count Nine. Therefore, finding no prejudice under Hill, the court will accordingly dismiss Petitioner's motion to the extent it alleges ineffective assistance of counsel with respect to this argument. 474 U.S. at 58-59.

## IV.

In conclusion, the court finds no grounds upon which Petitioner is entitled to relief under § 2255. Petitioner's motion is untimely filed, and in any event, Petitioner fails to demonstrate that his guilty plea was invalid or that his counsel failed to provide constitutionally adequate representation.[11] For the stated reasons, the court will grant Respondent's motion to dismiss and deny Petitioner's motion to vacate, set aside or correct sentence. An appropriate order shall be issued this day.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order

---

[11] Having concluded that Petitioner fails to offer evidence of ineffective assistance of counsel, the terms of Petitioner's plea agreement, through which Petitioner waived his right to "collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [Petitioner] by the Court," provide an alternative ground for dismissal. Plea Agreement at 5.

9

to petitioner and to counsel of record for the respondent.

ENTER: This 15th day of August, 2008.

/s/ James C. Turk
Senior United States District Judge

10