CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 21 2008

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bright
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 7:04CR00078 |
| v. | ) **ORDER** |
| PHILLIP AUBREY IRVING. | ) By: James C. Turk |
| | ) Senior United States District Judge |

The defendant, Philip Aubrey Irving, has filed what he styles as a "Motion for Reconsideration" of the court's order entered April 9, 2008, denying his motion for a reduction of sentence as to his drug offenses, pursuant to 18 U.S.C. § 3582(c) and the 2007 amendments to the crack cocaine sentencing guideline. The court concludes that the motion must be denied.

A statutory mandatory minimum sentence of 120 months, pursuant to 21 U.S.C. § 841(b)(1)(A), applies to Irving's drug trafficking offenses. The amendments to the crack cocaine guidelines did not affect this statutory mandatory minimum or § 3582(c), the statute under which an inmate may seek a reduction in sentence based on a retroactive guideline amendment. Section 3582(c) authorizes a reduction to "term of imprisonment <u>based</u> on a sentencing range that has subsequently been lowered "through a retroactive amendment to the sentencing guidelines." Because the amendments to the crack cocaine guidelines did not alter the statutory mandatory minimum on which Irving's sentence was based, he does not qualify for a reduction under § 3582(c)(2). Irving cites no other legal authority on which the court could reduce his sentence so many months after the sentence was imposed.

1

Finding no error, it is **ORDERED** that the defendant's motion for reconsideration (Dkt. No. 95) is **DENIED**.

The Clerk is directed to send a copy of this order to the defendant at his current place of confinement and to counsel of record for the government.

ENTER: This 21st day of August, 2008.

*[signature]*
Senior United States District Judge

2